**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LAURA ELLEN HAMILTON,

                                        Plaintiff,                          1:22-cv-1046 (BKS/DJS)

v.

SCHENECTADY POLICE DEPARTMENT,

                                        Defendant.

**Appearances:**

*Plaintiff pro se*
Laura Ellen Hamilton
Albany, NY 12210

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**DECISION AND ORDER**

Plaintiff Laura Ellen Hamilton commenced this proceeding under 42 U.S.C. § 1983, and

sought leave to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). This matter was referred to

United States Magistrate Judge Daniel J. Stewart who, on October 21, 2022, granted Plaintiff's

application to proceed IFP and recommended that Plaintiff's complaint be dismissed with leave

to amend. (Dkt. No. 5). Magistrate Judge Stewart determined that the complaint failed to provide

a "short and plain statement of the claim showing that the pleader is entitled to relief," as

required by Fed. R. Civ. P. 8.  (*Id.* at 3–4). Plaintiff was informed that she had fourteen days

within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the

failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 6).

The Report-Recommendation was sent to Plaintiff's last known address, but returned to the

Court marked "Returned to Sender, Not Deliverable As Addressed." (Dkt. No. 6). On October

25, 2022, Plaintiff made an in-person to request to the Albany's Clerk's Office for a copy of the Report-Recommendation and was provided with a copy. Plaintiff filed a notice of change of address on November 7, 2022. (Dkt. No. 7). An Order extending Plaintiff's time to respond to the Report-Recommendation an additional fourteen days, along with a copy of the Report-Recommendation, was then sent to Plaintiff's new address via regular mail on November 21, 2022. (Dkt. No. 8). In the Order, the Court advised Plaintiff if she failed to file objections to the Report-Recommendation, the Court would consider it "unopposed and review for clear error only." (*Id.* at 3). On December 12, 2022, observing that no objections to the Report-Recommendation had been filed, the Court reviewed the Report-Recommendation for clear error, and, finding none, adopted the Report-Recommendation in its entirety and dismissed the complaint with leave to amend within thirty days. (Dkt. No. 10 ("December 12 Order")). The same day, but after the December 12 Order had been issued, a letter from Plaintiff dated December 9, 2012 ("December 9 Letter"), was filed. (Dkt. No. 11).

To the extent Plaintiff's December 9 Letter is an objection to the Report-Recommendation, it is likely untimely. (*See* Dkt. No. 8, at 3 (entering order on November 21, 2022, granting Plaintiff an additional fourteen days to file objections)). However, given Plaintiff's pro se status, and in an excess of caution, the Court vacates the December 12 Order under Federal Rule of Civil Procedure 60 to consider whether Plaintiff's December 9 Letter contains a specific objection to the Report-Recommendation, requiring *de novo* review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (explaining that courts review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

In the Report-Recommendation, Magistrate Judge Stewart found that because Plaintiff's complaint alleges "an interaction with three unidentified police officers, who it appears may have brought her to Ellis Hospital for a mental health evaluation," without identifying the nature of her claim or when the alleged incident occurred, the complaint was subject to dismissal as it failed to indicate that any valid claim for relief might be stated. (Dkt. No. 5, at 5). In the December 9 Letter, Plaintiff wrote: "I disagree with the decision and order to dismiss and amend. I would like to proceed with the matter of the seeking to assert claims regarding the alleged violation of her federal rights—which the court has granted." (Dkt. No. 11). This objection is general in nature and does not identify a specific portion of the Report-Recommendation Plaintiff contends is erroneous. *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . .") (citation omitted). The Court therefore reviews the Report-Recommendation for clear error. *See id.* (explaining that findings and recommendations as to which there was no properly preserved objection are reviewed for clear error). Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it in its entirety.

For these reasons, it is

**ORDERED** that the Decision and Order entered on December 12, 2022, (Dkt. No. 10), is **VACATED**; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's complaint be **DISMISSED** with leave to amend; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>January 26, 2023</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge